UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-MC-61962-BLOOM

IN RE:

NRC HOLDING, LTD, ALPSTREAM, AG,
for an Order to Obtain Discovery
Pursuant to 28 U.S.C. § 1782
_____/

## ORDER ON MOTION TO QUASH

This matter is before the Court upon Respondent, Jetscape, Inc.'s Motion to Quash Subpoena, ECF No. [12], filed December 3, 2014. On August 28, 2014, Applicant NRC Holding, Ltd. ("NRC" or "Applicant") petitioned this Court for an order pursuant to 28 U.S.C. § 1782 (the "Application") compelling Jetscape, Inc. ("Jetscape" or "Respondent"), a company existing and organized under the laws of the State of Florida, to produce discovery for use in a foreign civil proceeding. *See* Application, ECF No. [1]. In the foreign proceeding, NRC has brought suit against Michael Souvorov, Allied Irish Bank Capita International Services (Ireland), Ltd., and KPMB Ireland (collectively, the "Ireland Defendants"), in connection with their management and oversight of NRC's wholly-owned, Irish-domiciled aviation leasing company (the "Irish Proceeding"). *Id.* at 2. Specifically, NRC alleges, *inter alia*, that the Ireland Defendants "engaged in misconduct and fraud regarding the purchasing, financing, leasing, and ultimate disposition of a fleet of commercial aircraft" owned by NRC via its subsidiary. *Id.* at 3. The Application was made *ex parte*, affording Jetscape no opportunity to respond. *See id.* On September 8, 2014, the Honorable Alicia O. Valle, United States Magistrate Judge, issued an order granting the Application. *See* Order Granting Application, ECF No. [5]. Judge Valle found that NRC had "demonstrated grounds for relief under 28 U.S.C. § 1782," and, as a result,

1

was "authorized to immediately issue and serve a subpoena duces tecum on Jetscape." *Id.* Jetscape, having been served with the subpoena on September 17, 2014, ECF No. [6], now seeks to quash said subpoena. *See* Motion, ECF No. [12].

Under 28 U.S.C. § 1782, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (citation omitted). "'[F]actors that bear consideration in ruling' on an application include 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . agency abroad to U.S. federal-court judicial assistance,' and 'whether the . . . [application] conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *In re Kivisto*, 521 F. App'x 886, 888 (11th Cir. 2013) (quoting *Intel*, 542 U.S. at 264-65). "The district court also may consider whether the application contains unduly intrusive or burdensome requests, is made in bad faith, for the purpose of harassment, or is part of a fishing expedition." *Id.* (quoting *Intel*, 542 U.S. at 265; *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), *abrogated on a different ground by Intel*, 542 U.S. at 259) (internal quotations and formatting removed).

Jetscape asserts that the subpoena at issue here must be quashed in its entirety for several reasons. *See* Mot., ECF No. [12]. Jetscape first contends that the subpoena is merely an attempt to circumvent Irish proof-gathering restrictions and other policies, and is otherwise a "fishing expedition." *Id.* at 3-5. Next, Jetscape argues that the subpoena's requests are extremely overbroad and unduly burdensome, as well as ultimately irrelevant to the foreign cause of action. *Id.* at 5-7. Finally, Jetscape seeks to quash the subpoena because the subpoena allegedly seeks

information that is protected from disclosure pursuant to contractual confidentiality obligations. *Id.* at 7-10.  The Court addresses these arguments in turn.

As an initial matter, Jetscape does not dispute that the four prima facie elements required for a district court to grant an application for judicial assistance are met here.  These four criteria are:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)). Nonetheless, the Court reiterates that these elements are met: NRC is an "interested person," the request seeks the production of a document, the evidence is for use in the Irish Proceeding, and the entity from which discovery is sought resides in Fort Lauderdale, Florida.

Jetscape contends that the procedural posture of the Irish Proceeding necessitates the conclusion that the Application is merely a "fishing expedition," noting that the Application seeks documents regarding claims "to be alleged" or allegations "being investigated."  *See* Decl. of Jarlath Ryan, ECF No. [1-1] at ¶¶ 3, 13.  Citing to the discovery procedures of Ireland which purportedly do not provide for discovery prior to the close of pleading, Jetscape contends that it is clear that NRC is simply attempting to "fish" for evidence to support the claims they have yet to define in the Irish Proceedings.  Mot., ECF No. [12] at 5.  The Court is not so persuaded. First, § 1782 does not impose a foreign discoverability requirement: "nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there." *Intel*, 542 U.S. at 260 (noting that

3

"[i]f Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect"). The Application is merely one for judicial assistance; the foreign tribunal may limit the application of the discovered materials however it deems fit. *See id.* at 261 ("A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts."). Moreover, § 1782 merely requires that the "be for use in a proceeding in a foreign or international tribunal." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (emphasis removed). It does not purport to impose a requirement that a foreign proceeding be at a certain stage prior to discovery being granted. For instance, in *Consorcio Ecuatorianio*, the Eleventh Circuit affirmed the district court's decision to honor a discovery request where the § 1782 application was made *before* the applicant had even commenced litigation in the foreign tribunal. *See id.* at 1271 (finding that the foreign proceedings were "within reasonable contemplation"). The simple fact that NRC has previously filed lawsuits against related entities and opted to dismiss such lawsuits (for unstated reasons), does not conclusively demonstrate that NRC is attempting to hunt for claims that do not exist. Accordingly, the Court is not inclined to agree that the subpoena sought is a "fishing expedition" pursued under the guise of legitimate discovery.

The Court is similarly unpersuaded by Jetscape's contention that the subpoena's requests are overbroad and unduly burdensome. The scope of the subpoena appears to be limited to the specific aircraft purchased by NRC and is further limited to the relevant time period (or at least within reasonable relation thereto). *See* Subpoena, ECF No. [1-3] at 9-10. Although Jetscape

4

objects to the time period provided in the subpoena, such a period appears to be related to the allegations contained in the Irish Proceedings.  *Compare id. with* Application, ECF No. [1] at 4-7 (stating that NRC's subsidiary purchased the aircraft at issue in 2006).  Additionally, Jetscape's contention that NRC essentially seeks to establish that they paid a price for the aircraft over the fair market value fails to acknowledge NRC's allegations of fraud.  While it is true that "[a] district court can deny discovery where the information sought is irrelevant to the causes of action, *Kang v. Noro-Moseley Partners*, 246 F. App'x 662, 664 (11th Cir. 2007), such is not the case here.  Communications and documents related to the purchase and remarketing of the subject aircraft are relevant.  In essence, Jetscape's main quarrel with the subpoena on this point appears to concern the cost of gathering the data.  *See* Mot., ECF No. [12] at 6-7 (estimating that it will cost in excess of $15,000.00, exclusive of attorney time, to process the relevant data).  The Application makes clear that far more money is at stake in the Irish Proceedings.  *See* Application, ECF No. [1] at 6-7 (alleging that the misconduct resulted in NRC paying approximately $20 million over the fair market value).  Based on these facts, the Court finds that Jetscape has not demonstrated that the subpoena is unduly burdensome.

Finally, Jetscape raises a defense of confidentiality, asserting that certain contractual obligations with other entities and its right to confidentiality in its proprietary commercial and financial information precludes the disclosure of a significant portion of the requests.  The Court does not take issue with the fact that some of the requested information may be subject to non-disclosure agreements or other applicable privileges.  However, where an issue of confidentiality arises, the Court may limit discovery.  The fact that some requests may encompass confidential information does not necessitate that the § 1782 subpoena be quashed in its entirety.  Appropriate measures may be taken to protect the confidentiality of materials.  *See generally, Intel*, 542 U.S.

at 266 ("Nor has it been shown that § 1782(a)'s preservation of legally applicable privileges, . . . and the controls on discovery available to the District Court, see, e.g., Fed. Rule Civ. Proc. 26(b)(2) and (c), would be ineffective to prevent discovery of [the applicant's] business secrets and other confidential information.").

For these reasons, the Court declines to quash the subpoena. Jetscape has failed to demonstrate that Judge Valle's initial issuance of the subpoena itself did not comport with 28 U.S.C. § 1782. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Respondent, Jetscape, Inc.'s Motion to Quash Subpoena, **ECF No. [12]**, is **DENIED**. Respondent Jetscape, Inc. shall have fourteen (14) days from the date of this Order to respond to Applicant NRC's subpoena.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 9th day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record